UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

KEVIN M. TENNIN,

Plaintiff,

v.

SHERYL RAMSTAD HVASS, DAVID KRIST, JAMES H. BRUTON, DEB VAVRA, DAVE KAMPA, DAN JOYA, Capt. DEB NELSON, Lt. MICHELLE SMITH, DAVID REISHUS, and BARB STOLTZ,

Defendants.

Civil File No. 01-687 (DSD/ESS)

REPORT AND RECOMMENDATION

Plaintiff, a prisoner of the State of Minnesota, has filed a complaint alleging that Defendants violated his federal constitutional rights. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to Defendants James H. Bruton, Deb Vavra, David Reishus, and Barb Stoltz. It will therefore be recommended that the action be dismissed as to those Defendants.

## I. BACKGROUND

Plaintiff alleges that in May or June of last year, he witnessed the murder of a fellow inmate at the Minnesota Correctional Facility at Stillwater, ("MCF-STW"). He apparently observed two other inmates commit the murder. After informing his prison case manager about what he had seen, Plaintiff was contacted by an "investigator" -- Defendant Deb

FILED MAY 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Vavra. After Plaintiff gave Vavra a statement, he told her that he was concerned for his own safety. Vavra apparently told Plaintiff to talk to his case manager about his safety concerns.

After Plaintiff gave his statement to Vavra, he was threatened by other inmates, and by prison staff members, on several occasions. Plaintiff alleges that on two occasions he was physically assaulted, apparently in retaliation for the statement about the murder that he gave to Vavra. The first assault was committed by two other inmates at MCF-STW. Plaintiff claims that two MCF-STW correctional officers, Defendants Dave Kampa and Dan Joya, witnessed the attack as it happened, but did nothing to stop it. The second assault allegedly was committed by two other correctional officers at MCF-STW – Defendants Michelle Smith and Deb Nelson. Plaintiff claims that Smith "slammed his head into [a] wall," and that Nelson kicked him in the face.

Sometime after the second assault, Plaintiff was transferred from MCF-STW to the Minnesota Correctional Facility at Oak Park Heights, ("MCF-OPH"). Evidently, Plaintiff has not been assaulted again since arriving at his new prison home. However, he claims that he is still fearful of further reprisals for his cooperation in the murder investigation. He also claims that he has been deprived of certain personal property since his arrival at MCF-OPH.

Plaintiff is now seeking relief under 42 U.S.C. § 1983, presumably for alleged violations of his Eighth Amendment rights. Plaintiff is asking for compensatory and punitive damages, as well as injunctive relief to address his ongoing safety concerns.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from various government employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to several of the Defendants, because Plaintiff's complaint fails to state any actionable claim against them.

To state an actionable § 1983 claim, the complaint must allege facts showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must set forth specific factual allegations showing what each individual defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). In this case, Plaintiff's complaint fails to state an actionable § 1983 claim against Defendants James H. Bruton, Deb Vavra, David Reishus, and Barb Stoltz, because there are no factual allegations describing anything that those particular Defendants did or failed to do that could be viewed as a violation of Plaintiff's constitutional rights.

Plaintiff's complaint clearly fails to state an actionable claim against Defendants Reishus and Stoltz, because they are not even mentioned anywhere in the body of Plaintiff's complaint. There certainly are no factual allegations describing anything that Defendants Reishus and Stoltz did (or failed to do) that could be viewed as a violation of Plaintiff's federal constitutional rights.

The complaint also fails to allege any constitutional misconduct by Defendant Vavra -- the investigator. Plaintiff seems to believe that Vavra might have handled his statement (regarding the murder) irresponsibly, but there are no factual allegations suggesting that she knowingly and deliberately exposed Plaintiff to any serious danger, or that she otherwise violated Plaintiff's constitutional rights.

Similarly, there are no allegations suggesting that Defendant Bruton, the Warden at MCF-OPH, violated Plaintiff's constitutional rights. Plaintiff alleges that he sent Bruton a note asking why he had been transferred to MCF-OPH, and that Bruton failed to

respond. That allegation alone will not support any actionable § 1983 claim.

Plaintiff may be seeking to hold Defendant Bruton vicariously liable, based on acts or omissions by his subordinates at MCF-OPH. However, it is well-settled that government officials cannot be held liable under the doctrine of respondeat superior in § 1983 actions. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To state an actionable § 1983 claim against Bruton, the complaint would have to include factual allegations showing that he personally violated Plaintiff's constitutional rights. Because no such allegations appear in the present complaint, Plaintiff has failed to state a cause of action against Defendant Bruton.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state any actionable § 1983 claim against Defendants James H. Bruton, Deb Vavra, David Reishus, and Barb Stoltz. It will therefore be recommended that the action be dismissed as to those Defendants pursuant to § 1915(b)(1). The Court will defer any ruling on the adequacy of Plaintiff's allegations against the remaining Defendants named in this action, (i.e., Sheryl Ramstand Hvass, David Krist, Dave Kampa, Dan Joya, Deb Nelson and Michelle Smith), and Plaintiff will be allowed to pursue his claims against those Defendants for now.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants James H. Bruton, Deb Vavra, David Reishus, and Barb Stoltz, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the remaining Defendants be allowed to proceed at this time, without prejudice to any defenses that such Defendants may later seek to raise.

Dated: May 10, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.