UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEVIN M. TENNIN,

Plaintiff,

v.

SHERYL RAMSTAD HVASS, DAVID KRIST, JAMES H. BRUTON, DEB VAVRA, DAVE KAMPA, DAN JOYA, Capt. DEB NELSON, Lt. MICHELLE SMITH, DAVID REISHUS, and BARB STOLTZ,

Defendants.

Civil File No. 01-687 (DSD/ESS)

ORDER

Plaintiff, a Minnesota state prisoner, has filed a complaint seeking relief for alleged violations of his federal constitutional rights, which purportedly occurred while he was incarcerated by the Minnesota Department of Corrections. In a separate Report and Recommendation filed contemporaneously with this Order, it has been recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b) as to Defendants James H. Bruton, Deb Vavra, David Reishus and Barb Stoltz, and that Plaintiff be allowed to prosecute his claims against the six remaining Defendants at this time. The matter is now before the Court on Plaintiff's motion seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.)

The Court finds that Plaintiff is financially eligible for IFP status, and his IFP application will therefore be GRANTED. This means that Plaintiff will be excused from pre-paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, the full $150), in installments pursuant to 28 U.S.C.

FILED MAY 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

§ 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the six remaining named Defendants, (Sheryl Ramstad Hvass, David Krist, Dave Kampa, Dan Joya, Deb Nelson and Michelle Smith), served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).[1] However, marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed marshal service form -- Form USM-285 -- for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If he does not satisfy this requirement within the next thirty (30) days, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshal will be required to serve only those Defendants

---

[1] Plaintiff has filed a motion entitled "Motion To Waive Service," (Docket No. 2), which will be denied, because Plaintiff has not shown that the Court is authorized to "waive" the service of process requirements prescribed by Rule 4 of the Federal Rules of Civil Procedure.

for whom Plaintiff has submitted a properly completed marshal service form (USM-285).

The Clerk of Court will be directed to provide Plaintiff with six blank copies of the prescribed marshal service form – one for each of the six remaining Defendants in this action. The Clerk of Court will also be directed to make a copy of Plaintiff's complaint, to be used for service of process, for each of the six remaining Defendants for whom Plaintiff submits a properly completed marshal service form.

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's claims against the six remaining Defendants. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely $150 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall provide notice of this requirement to authorities at the institution where Plaintiff is confined;

3. Within thirty (30) days after the date of this order, Plaintiff shall file one properly completed marshal service form (Form USM-285) for each of the six remaining Defendants to be served in this matter, failing which it will be recommended that the action be

dismissed pursuant to Fed. R. Civ. P. 41(b);

4. The Clerk of Court shall send six marshal service forms to Plaintiff with his copy of this order;

5. If Plaintiff submits properly completed marshal service forms as required by this order, then (a) the Clerk of Court shall make a copy of the complaint and issue a summons for each of the six remaining defendants for whom a marshal service form has been completed, and (b) the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed marshal service form;

6. Plaintiff's "Motion To Waive Service," (Docket No. 2), is DENIED;

7. A copy of this Order shall be served together with the summons and Plaintiff's complaint; and

8. Those Defendants upon whom service of process is effected will be required to file a response to Plaintiff's complaint.

Dated: May 10, 2001

E.S. SWEARINGEN
United States Magistrate Judge