UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEVIN M. TENNIN

Plaintiff,

v.

SHERYL RAMSTAD HVASS, DAVID KRIST, JAMES H. BRUTON, DEB VAVRA, DAVE KAMPA, DAN JOYA, CAPT. DEB NELSON, Lt. MICHELE SMITH, DAVID REISHUS, and BARB STOLTZ,

Defendant.

Civil No. 01-687 (DSD/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner of the State of Minnesota, is seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. Defendants have filed a motion to dismiss this action, (or in the alternative for summary judgment), contending that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court will recommend that Defendants' motion to dismiss should be granted in part, and denied in part.

## I. BACKGROUND

Plaintiff alleges that while he was incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota, ("MCF-STW"), in May or June of 2000, he witnessed the murder of a fellow prison inmate by two other inmates. Thereafter, according to the complaint, Plaintiff was physically attacked and beaten on at least two occasions -- once by two inmates, and once by five correctional officers. Plaintiff claims that both of those assaults

11-12-02
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

were somehow provoked by, or related to, the earlier prison murder that he witnessed.

Plaintiff alleges that when he was attacked by the two other inmates two correctional officers, Defendants Dan Joya and Dave Kampa, were present. Plaintiff claims that Joya and Kampa saw what was happening and could have stepped in to protect him, but they refused to offer any help.

The second attack allegedly occurred in October 2000. Plaintiff claims that five correctional officers came to his cell and beat him on that occasion. He alleges that Defendant Michelle Smith grabbed his head and slammed it into a wall, and that Defendant Deb Nelson kicked him in the face. He also alleges that he was punched by one of the officers, and that two of the officers held him by the arms while he was being assaulted.

Plaintiff was later transferred to the Minnesota Correctional Facility at Oak Park Heights, Minnesota, ("MCF-OPH"), where he allegedly was placed in segregated confinement, and he was not "allowed access to his property." Plaintiff was still confined at the Oak Park Heights facility when he commenced this action, but he has since been transferred to a prison in California. As far as the Court can tell, Plaintiff is still confined in California, and there is nothing in the record to suggest that he might be returning to Minnesota in the foreseeable future.

Plaintiff is presently attempting to sue six Minnesota prison officials who allegedly were involved in the assaults described in his complaint.[1] He claims that Defendants violated his rights under First, Eighth and Fourteenth Amendments to the Constitution.

---

[1] Plaintiff named ten Defendants in his complaint, but his claims against four of those Defendants were summarily dismissed during the initial screening process prescribed by 28 U.S.C. § 1915A. (See Order dated June 25, 2001; [Docket No. 7].)

## II. DISCUSSION

Defendants contend that Plaintiff's complaint should be dismissed because (a) he has not identified any remedy or relief that he is seeking, and (b) to the extent that he might be seeking injunctive relief, his claims have become moot by reason of his transfer to an out-of-state prison. The Court rejects Defendants' first argument, but agrees with the second.

A. Adequacy Of Plaintiff's Request For Relief

Defendants initially contend that Plaintiff's complaint fails to state an actionable claim because it does not describe any relief that he is seeking. As explained by Defendants –

> "Plaintiff's complaint is merely a recitation of wrongs he believes have been committed against him by Defendants at MCF-STW and MCF-OPH. It does not contain any suggestion of the relief Plaintiff seeks from any of them. Plaintiff's failure to request relief renders his complaint facially deficient under the Federal Rules of Civil Procedure, and prejudices Defendants by not providing them with a statement of relief sought to which they can respond. Because Plaintiff's complaint does not seek relief against Defendants, his complaint should be dismissed for failure to state a claim upon which relief may be granted."

(Defendants' Memorandum [etc], [Docket No. 16], p. 3.)

This argument is clearly unsustainable. Notwithstanding Defendants' assertion to the contrary, the complaint does include a plain and adequate prayer for relief. The last page of the complaint, which is labeled "Relief Requested," reads as follows:

> "1) Plaintiff seeks compensatory damages in the amount of fifty thousand dollars – $50,000.00 from each Defendant.
>
> 2) Plaintiff seeks punitive damages as determined fair and just by a jury.
>
> 3) Preliminary Injunctive Relief.
>
> Plaintiff respectfully moves this honorable court to order Defendant Sheryl Ramstad Hvass to implement whatever measures necessary, including an out of state transfer to protect Plaintiff from retaliation. Plaintiff further asks that this Court order Defendant Sheryl Ramstad Hvass to

provide Plaintiff with his personal property in accord with existing policy."

(Complaint, [Docket No. 1], p. 9.)

It is difficult to imagine how Plaintiff could have described his claim for relief any more clearly.[2] Therefore, the Court rejects Defendants' contention that the complaint should be dismissed for not adequately describing the relief that Plaintiff is seeking in this matter.

B. Claims For Injunctive Relief

Defendants further contend that any requests for injunctive relief that Plaintiff might be attempting to pursue should be summarily dismissed. The Court agrees with this argument.

There is nothing in the record to suggest that Plaintiff presently needs an injunction to protect him from "retaliation" by any Minnesota prison official(s), or that he needs any other type of injunctive relief to correct any other conditions of his current confinement. Indeed, it appears that Plaintiff has already received the relief that he most wanted when he commenced this action -- namely a transfer to an out-of-state prison. Thus, the Court agrees that Plaintiff's request for injunctive relief pertaining to the conditions of his confinement has become moot by reason of his transfer to California. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner claims for injunctive relief rendered moot by transfer to a different institution); Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998) (§ 1983 claims for injunctive relief based on prison conditions are rendered moot

[2] Moreover, it is evident that Defendants must have received the "Relief Requested" section of Plaintiff's complaint, because that section of the complaint was attached to Defendants' own "Joint Answer." (Docket No. 9.)

by inmate-plaintiff's release from prison); Randolph v. Rodgers, 253 F.3d 342, 344-46 (8th Cir. 2001) (dismissing prisoner's claims for injunctive relief against prison officials where the prisoner was no longer residing at the penal facility where those prison officials worked).

The Court further notes that Plaintiff has also requested an injunction that would give him back certain personal possessions that allegedly were taken from him while he was still confined here in Minnesota. That part of Plaintiff's complaint must be dismissed because Plaintiff has not adequately identified the property at issue, and he has not identified any legal grounds for ordering that any property be returned to him. Assuming that someone did indeed take some property from Plaintiff, there is nothing to indicate that the property was not legally and properly confiscated.

## III. CONCLUSION

For the reasons discussed above, it is recommended that Defendants' motion to dismiss Plaintiff's entire complaint be denied. The complaint plainly requests a judgment against Defendants for compensatory and punitive damages, (as well as for injunctive relief), and Defendants have not adequately explained why that request is not actionable. It is further recommended, however, that Plaintiff's request for injunctive relief in this matter be denied and dismissed.[3]

---

[3] In a separate scheduling order filed contemporaneously with this Report and Recommendation, the Court has set a new deadline for filing dispositive motions in this case. Therefore, if Defendants believe there is some other reason to dismiss this action, aside from the reasons presented in their current motion to dismiss, they will have an opportunity to present their arguments in another motion.

## III. RECOMMENDATION

Based upon the above, and upon all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, (Docket No. 15), be GRANTED as to Plaintiff's request for injunctive relief, but DENIED without prejudice, in all other respects; and

2. Plaintiff's request for injunctive relief in this matter are denied and dismissed.

Dated: November 12, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 12-2-02, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.