UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin M. Tennin, Civil 01-687 DSD/FLN

Plaintiff,

v. **REPORT AND RECOMMENDATION**

Joan Fabian, David Crist, et al.,

Defendants.

---

Plaintiff, Kevin M. Tennin ("Tennin, or Plaintiff") filed a complaint on April 20, 2001, seeking relief under 42 U.S.C. 1983. Defendants filed a motion for summary judgment [#24] on February 28, 2003. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed more fully below, the Court will recommend that Defendants' motion be granted.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota ("MCF-STW"). In May or June 2000 Plaintiff witnessed a murder of a fellow prisoner by two other inmates. Plaintiff's Complaint alleges that following his interview with an investigator about the murder, he was physically assaulted on at least two occasions--once by two inmates, and once by five correctional officers. Following these attacks, that Plaintiff complains were retaliatory, Plaintiff was transferred to the Minnesota Correctional Facility at Oak Park (MCF-OPH"). Plaintiff's Complaint alleges that Defendants violated his right to be free from cruel and unusual punishment and his right of access to the courts. At the time this motion was

FILED 8-11-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

presented to the Court, counsel for the Defendant reported that Plaintiff had been relocated to a prison facility in California, which is the relief he sought when he started this lawsuit.

The facts of this case have been well documented in two previous Reports and Recommendations. The first dated May 10, 2001, by Magistrate Judge E.S. Swearingen recommended the dismissal of five of the ten initial Defendants; the second dated November 12, 2002, by Magistrate Judge Franklin L. Noel recommended dismissal of Plaintiff's claim for injunctive relief. In an Order dated March 6, 2003, this Court directed Plaintiff to respond to the Defendants' motion for summary judgment no later than April 15, 2003. To date no response was received.

Defendants contend that Plaintiff has abandoned the case.

## II. STANDARD OF REVIEW

A court should afford a *pro se* litigant the benefit of the doubt in construing his or her pleadings and factual averments. See Malek v. Camp, 822 F.2d 812 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020 (8th Cir. 1984), cert. denied, 469 U.S. 841 (1984). *Pro se* plaintiffs must, however, meet the same standards as litigants represented by counsel to survive a summary judgment motion or a motion to dismiss, that is, "the complaint must allege facts which, if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See

Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). Therefore, summary judgement is appropriate when the moving party establishes based on the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322-23. When considering a motion for summary judgement, a court should construe all evidence in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson, 477 U.S. at 248.

Fed. R. Civ. P. 56(e) makes clear that once the moving party files a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. In sustaining that burden, an adverse party may not "rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 249-56 (noting that if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted); see also Fed. R. Civ. P 56(e). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. If the opposing party fails to carry their burden, summary judgment should be granted. See Celotex, 477 U.S. at 322; Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000).

## III. DISCUSSION

### A. Defendants are Entitled to Summary Judgment

Plaintiff's complaint alleged that he was assaulted in retaliation for his cooperation in an internal investigation of a murder at the prison. Defendants, in connection with their motion for summary judgment, submitted evidence that the assaults did not occur. Plaintiff has submitted nothing in the way of evidence to create a genuine issue of material fact regarding Defendants' contention that the assaults never occurred. Plaintiff's medical records indicate that Plaintiff received medical attention in the facility nine times for previous existing conditions, such as gastrointestinal problems and diabetes, but never treatment for injuries that could have resulted from assaults. While Plaintiff claims he was denied access to the courts, he has made no specific allegations wherein Plaintiff was improperly denied materials provided to indigent inmates for legal correspondence. Defendants claim that facts upon which this motion is based were admitted to by Plaintiff during discovery. Plaintiff failed to respond to Requests for Admissions that were served. These facts are deemed admitted pursuant to Fed. R. Civ. P. 36(a). (stating "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney").

After a review of all the evidence on the record as a whole in the light most favorable to the Plaintiff, there appears to be no genuine issue as to any material fact alleged in the Complaint. The undisputed evidence is that the assaults, alleged by Plaintiff in the complaint, did not occur. Defendants are entitled to summary judgment.

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion for Summary Judgment [#24] be **GRANTED**.

DATE: August 8, 2003.

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1 (c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.